UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FADI HADDAD,<br><br>Plaintiff,<br><br>v.<br><br>HILTON WORLDWIDE HOLDINGS, INC.; HILTON WORLDWIDE, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:16-cv-00405-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Fadi Haddad ("Plaintiff") asserts a single cause of action against Defendants Hilton Worldwide Holdings, Inc. and Hilton Worldwide, Inc. ("Defendants" or "Hilton Worldwide") for negligence and bodily harm arising from a massage Plaintiff received at the Hilton Abu Dhabi in July 2013. Compl., ECF No. 1. Presently before the Court is Defendants' Motion to Dismiss based on the doctrine of forum non conveniens. Defs' MTD, ECF No. 33. The matter has been fully briefed, see ECF Nos. 33, 34, and 35, and the Court heard oral arguments on November 2, 2017, see ECF No. 37. After argument from counsel for both parties, the Court DENIED Defendants' motion and provided that a written order would issue. The following is the Court's written Order DENYING Defendants' Motion to Dismiss.

///

1

## BACKGROUND[1]

Plaintiff is a pediatric gastroenterology and endoscopy doctor and was living in Abu Dhabi at the time of the incident, working as a medical consultant at a military hospital. In July 2013, Plaintiff received a massage at the spa at the Hilton Abu Dhabi from massage therapist, Mildred Mayo Cadalig. Plaintiff alleges that about thirty minutes into the massage, Cadalig forcibly tilted Plaintiff's head and neck to the left, while pushing down in the opposite direction on Plaintiff's right shoulder. Thereafter, a piercing pain shot into the right side of Plaintiff's neck and moved down to his right thumb.

In August of 2013, after the incident, Plaintiff saw an orthopedist in Beirut and shortly thereafter consulted a neurosurgeon in Abu Dhabi. An MRI showed Plaintiff suffered a disc herniation. At the direction of the neurosurgeon, Plaintiff began physical therapy treatments in Abu Dhabi. In February of 2014, after an MRI revealed that physical therapy was not helping, the neurosurgeon recommended surgery.

It is unclear exactly when Plaintiff moved to California, but he left the United Arab Emirates ("UAE") in April 2014, and underwent his first surgery in March 2015 at Stanford Hospital in Redwood City, California. He underwent a second surgery in August 2015 at the University of California San Francisco in San Francisco, California, and was scheduled for a third surgery on November 2, 2017, the date of oral argument for the present motion, to take place in San Francisco. Plaintiff claims he has continued to experience pain such that he cannot perform daily activities, and was forced to take medical leave from work in March 2015.

The Hilton Abu Dhabi is operated and managed by Hilton Worldwide. Plaintiff therefore maintains that Hilton Worldwide manages the hotel, the hotel spa, and its employees. According to Plaintiff, Hilton operates the hotel through an agreement with

---

[1] The following facts are derived from Plaintiff's Complaint, ECF No. 1, as well as Plaintiff's Opposition to Defendants' Motion to Dismiss, ECF No. 34.

Abu Dhabi National Hotels, a hospitality group that owns the Hilton Abu Dhabi. According to Defendant, the hotel is owned by H.E. Sheikh Khalifa Bin Zayed, acting on the authority conferred on him by the Ruler of Abu Dhabi. Defendant therefore claims that the individuals working at the Hilton Abu Dhabi are employed by H.E. Sheikh Khalifa Bin Zayd, but have conceded that Cadalig was employed by Hilton Worldwide at the time of the incident. See Pl.'s Opp at 3, citing Defs' Answer at ¶¶ 10-12, 39-40, 42.

**STANDARD**

"A federal court has discretion to dismiss a case on the ground of forum non conveniens . . . ." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 429 (2007). Although dismissal "reflects a court's assessment of a range of considerations," id., "[a] party seeking dismissal . . . must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal," Loya v. Starwood Hotels & Resorts Worldwide, Inc., 583 F.3d 656, 664 (9th Cir. 2009). The Ninth Circuit has identified the following private interest factors:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

Boston Telecomms. Grp., Inc. v. Wood, 588 F.3d 1201, 1206-07 (9th Cir. 2009). The Ninth Circuit has also identified the following public interest factors: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." Id. at 1211.

"A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum," particularly when the plaintiff has chosen its home forum. Sinochem Int'l, 549 U.S. at 430; see also Dole Food Co. v. Watts, 303 F.3d

1104, 1118 (9th Cir. 2002) ("Forum non conveniens is an exceptional tool to be employed sparingly, not a doctrine that compels plaintiffs to choose the optimal forum for their claim."). A district court abuses its discretion when it "fails to hold a party to its 'burden of making a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience.'" Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1236 (9th Cir. 2011) (quoting Boston Telecomms., 588 F.3d at 1212).

## ANALYSIS

At first blush, this may seem like an action that would more appropriately be tried in the UAE. The action arises from an injury that occurred in Abu Dhabi, at an Abu Dhabi hotel, when Plaintiff was residing in Abu Dhabi. Moreover, the action arises under the laws of the UAE, with which this Court admittedly does not have significant experience. The standard set forth above, however, requires the Court to not only determine that an adequate alternative forum exists in the UAE, but to consider a number of private and public interest factors, and to award proper deference to the Plaintiff's choice of forum. Though the UAE appears to be an adequate alternative forum,[2] as described further below, the balance of private and public interest factors tips against granting Defendants' motion.

### A. Private Interest Factors

The private interest factors to be considered are: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment;

---

[2] Though it is immaterial to the Court's ruling here, the Court finds the UAE to be an adequate alternative forum. Plaintiff briefly argues that the UAE is inadequate because its courts do not provide the right to certain discovery or the right to a jury trial. Such procedural differences do not render the forum inadequate where that forum does in fact provide a remedy for the present action. Because the UAE is adequate, the Court's focus in this Order is on the balance of the private and public interest factors.

4

and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive. Boston Telecomms. Grp., Inc. v. Wood, 588 F.3d at 1206-07.

On balance, these factors weigh in favor of denying Defendants' motion and keeping the case in this Court. First, the parties are both residents of the United States (indeed Plaintiff resides in Granite Bay, California, which is less than thirty miles from the Eastern District of California's Sacramento Courthouse, where this Court sits), and this forum should therefore be relatively convenient for both litigants, despite Defendants' argument to the contrary.

As for witnesses, Defendants argue that sources of proof and key witnesses are more accessible in the UAE, but the Court finds the opposite to be true. While it may be true that certain unnamed employees of the Hilton Abu Dhabi are actually employees of H.E. Sheikh Khalifa Bin Zayed, and are therefore outside the subpoena power of this Court, Defendants have failed to specifically name any such witness with knowledge pertinent to this action. In fact, the only witness to the event aside from Plaintiff himself is Ms. Cadalig, who—as the Court understands it—is no longer employed by Defendant and now resides in Qatar, outside the subpoena power of either forum. And Wolfgang Maier, the general manager who allegedly has at least some knowledge of Ms. Cadalig's general training, is a resident of Egypt and has agreed to be deposed via videoconference. Pl's Opp at 12-13, citing Bell Decl. at ¶ 21, Ex. 16, and ¶ 9, Ex. 8.[3]

Moreover, Plaintiff received significant treatment for his injuries upon his return to California and has been treated by at least seven doctors in California, including those doctors involved in Plaintiff's three surgeries. Though Plaintiff received some treatment for his injury in the nine months immediately following the incident, that treatment was minor compared to the surgeries he underwent in California. All witnesses and the

---

[3] There is some dispute over the identity of the person most knowledgeable from Hilton Worldwide regarding Ms. Cadalig's training. According to Defendants' own discovery responses, it appears this person is Mr. Maier, Bell Decl. at ¶ 21, Ex. 16, though Defendants hedge that claim in their Reply brief, ECF No. 35 at 5, and addressed the same at oral argument. Regardless, the Court's analysis does not change because pursuant to the parties' stipulation, that person will also be deposed via videoconference. Bell Decl. at ¶ 9, Ex. 8. And lastly, Defendants' claim that another potential witness located in the UAE may have more knowledge or more specific knowledge is only speculative.

extensive medical records related to those surgeries are in California. And while Defendants claim that the medical records related to Plaintiff's nine months of treatment abroad are unattainable, Plaintiff claims he has already provided those records to Defendants. See Pl's Opp at 13, citing Bell Decl. at ¶ 20. In any event, those records alone would not warrant dismissal based on forum non conveniens.

Lastly, Defendants implore that access to Plaintiff's friends and coworkers in Abu Dhabi is essential to this action. But the Court is not convinced that any witnesses Defendants have yet to identify in Abu Dhabi are more essential to the action than Plaintiff's family, friends, coworkers, and employer in California. As raised during oral argument, a large part of this action will likely involve a dispute over damages. Plaintiff's California witnesses—with their ability to testify as to Plaintiff's present-day pain, activity level, and ability or inability to work and/or perform daily tasks—will be instrumental to establishing those damages. As with the other sources of proof discussed above, the Court is not persuaded that the need for the testimony of people who knew Plaintiff within the nine months following the incident outweighs the need for the testimony of more recent associates.

For these reasons, the balance of the private interest factors tip in favor of denying the present motion.

### B. Public Interest Factors

The public interest factors to be considered are: (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum. Boston Telecomms. Grp., Inc. v. Wood, 588 F.3d at 1211.

As mentioned above, the Court is not directly familiar with the laws of Abu Dhabi. Additionally, the Eastern District has one of the highest caseloads in the country and is probably more impacted than the UAE court system (though the Court has not confirmed this fact). These factors therefore weigh in favor of granting Defendants' motion. The Court finds the remaining factors, however, are neutral at best. While Defendants argue

that there is little local interest in the lawsuit, there is interest to the extent that Plaintiff is a resident of this district, and Defendants are residents of the United States. The public has an interest in ensuring the safety of its residents and the actions of its businesses, even abroad.

Regarding the burden on local courts and juries and the costs of resolving the dispute, there is no doubt that trials are a burden on everyone involved, regardless of the forum. But—and even though timeliness is not a direct factor as described above—Defendants' delay in bringing the present motion weighs on the Court's analysis of these factors. More specifically, because this case has already been litigated in this forum for a year and a half, the Court has already been burdened and costs have already been incurred. Though a trial is of course more burdensome and costly, at some point it becomes an issue of diminishing returns because a year and a half has already been invested in this action in this District. For those reasons, the Court finds the public interest factors to be neutral; at a minimum, the additional burden on this Court of keeping the action in the Eastern District of California for the remainder of discovery, trial preparation, and trial, does not outweigh the Plaintiff's choice of forum or the private interest factors that tip more sharply in favor of denying the present motion.

Finally, Plaintiff's argument that Defendants simply wanted to take advantage of the more liberal discovery rules of this District before moving the case to Abu Dhabi—where Plaintiff has no right to a jury trial—is well taken. Hilton Worldwide has propounded written discovery and requests for production, has noticed depositions and subpoenaed medical records. According to Plaintiff, Defendants scheduled depositions for October 18, 20, and 30. And the parties have agreed to "make all party witnesses and third party witnesses (within their control) available for depositions via videoconference," to save time and expense. As a result, it makes little sense to dismiss this action and require Plaintiff to refile it in the UAE.

///

///

**CONCLUSION**

For the reasons set forth above, the Court finds that Defendants have failed to meet their "burden of making a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience." Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1236 (9th Cir. 2011) (quoting Boston Telecomms., 588 F.3d at 1212). Consequently, Defendants' Motion to Dismiss based on forum non conveniens, ECF No. 33, is DENIED.

IT IS SO ORDERED.

Dated: November 27, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE